FILED

NOT FOR PUBLICATION

AUG 08 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>GERMAN VIRGILIO CORRALES-<br>FELIX,<br><br>Defendant - Appellant. | No. 15-50202<br><br>D.C. No. 3:14-cr-00214-JLS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted August 3, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

German Corrales-Felix appeals his jury conviction for importation of heroin

and importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Corrales argues that the district court violated his due process right to present a complete defense by excluding exonerating testimony from his friend Gerardo Marquez. Corrales wanted to use the testimony to support his contention that he was a "blind mule" because someone else put the drugs in Corrales's spare tire without his knowledge.

The exclusion of evidence purporting to show that someone else committed the crime is reviewed for abuse of discretion. *See United States v. Vallejo*, 237 F.3d 1008, 1024 (9th Cir. 2001); *Guam v. Ignacio*, 10 F.3d 608, 611 (9th Cir. 1993). "Evidence of third-party culpability is not admissible 'if it simply affords a possible ground of suspicion against such person; rather, *it must be coupled with substantial evidence tending to directly connect that person with the actual commission of the offense.*'" *Ignacio*, 10 F.3d at 615 (quoting *Perry v. Rushen*, 713 F.2d 1447, 1449 (9th Cir. 1983)) (emphasis in *Ignacio*). "The *Perry* court upheld the trial court's exclusion of the third-party culpability evidence because 'while Perry's evidence was not actually irrelevant, it was sufficiently collateral and lacking in probity on the issue of identity.'" *Id.* (quoting *Perry*, 713 F.2d at 1455) (alterations omitted).

"Under an abuse of discretion standard, we are required first 'to consider whether the district court identified the correct legal standard for decision of the

2

issue before it' and then 'to determine whether the district court's findings of fact, and its application of those findings of fact to the correct legal standard, were illogical, implausible, or without support in inferences that may be drawn from facts in the record.'" *United States v. Christian*, 749 F.3d 806, 810 (9th Cir. 2014) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc)).

Here, the district court identified and quoted the correct legal standard. The district court's conclusion—that Marquez's testimony, as proffered, would not constitute substantial evidence tending directly to connect whoever stashed drugs in Marquez's vehicle with the actual stashing of drugs in Corrales's vehicle—was neither illogical, nor implausible, nor unsupported by the record.

Corrales's case was significantly different from Marquez's case. Government testimony established that a potential blind mule's manner of entry and purpose of entry are relevant to his selection and that drugs are typically hidden on the exterior of the blind mule's vehicle. Marquez's experience involved methamphetamine in a tire on the exterior of the vehicle, while Corrales had both heroin and methamphetamine in a tire in the interior of his vehicle. Marquez was crossing the border for work, while Corrales said he was crossing for a baseball league. Marquez crossed using the SENTRI lane, which involves less scrutiny,

while Corrales crossed using a regular lane. And substantial time, eighteen months, separated Marquez's experience from Corrales's attempted crossing.

Given these significant differences, the inference that whoever stashed drugs in Marquez's car was identical to the person who stashed drugs in Corrales car was weak. It was therefore logical to conclude that Marquez's testimony would not "directly connect" anyone to the actual hiding of drugs in Corrales's spare tire in this case. The district court did not abuse its discretion in excluding Marquez's testimony.

**AFFIRMED.**